UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
OMAR HERNANDEZ, individually and on behalf of all others similarly situated,

                              Plaintiff,

       -against-

NEW YORK FAST CONCRETE GROUP, INC. and B SOSA ENTERPRISES CORP., OSCAR VELASQUEZ and BRAYAN SOSA, as individuals,

                           Defendants.
------------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL REQUESTED**

1. Plaintiff, OMAR HERNANDEZ, individually and on behalf of all others similarly situated (hereinafter referred to as "Plaintiff") by their attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

2. Plaintiff, through undersigned counsel, bring this action against **NEW YORK FAST CONCRETE GROUP, INC. and B SOSA ENTERPRISES CORP., OSCAR VELASQUEZ and BRAYAN SOSA, as individuals,** (collectively hereinafter, "Defendants") to recover damages for Defendants' egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment with the Defendants at located at 93-02 183rd St., Jamaica, NY 11423 and 35 Carroll St., Brentwood, NY 11717.

3. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

5. This Court has supplemental jurisdiction over Plaintiff's other state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

8. Plaintiff OMAR HERNANDEZ residing at Astoria, NY 11106 was employed by B SOSA ENTERPRISES CORP. and NEW YORK FAST CONCRETE GROUP, INC. from in or around August 2020 until in or around December 2021.

9. Defendant B SOSA ENTERPRISES CORP., is a New York domestic business corporation, organized under the laws of the State of New York with a principal executive office located 35 Carroll St., Brentwood, NY 11717.

10. Upon information and belief, Defendant BRAYAN SOSA is the owner of B SOSA ENTERPRISES CORP.

11. Upon information and belief, Defendant BRAYAN SOSA is an agent of B SOSA ENTERPRISES CORP.

12. Upon information and belief, BRAYAN SOSA is responsible for overseeing all daily operations of B SOSA ENTERPRISES CORP.

13. Upon information and belief, BRAYAN SOSA has power and authority over all the final personnel decisions of B SOSA ENTERPRISES CORP.

14. Upon information and belief, BRAYAN SOSA has the power and authority over all final payroll decisions of B SOSA ENTERPRISES CORP., including the Plaintiff.

15. Upon information and belief, BRAYAN SOSA has the exclusive final power to hire the employees of, including the Plaintiff.

16. Upon information and belief, BRAYAN SOSA has exclusive final power over the firing and terminating of the employees of B SOSA ENTERPRISES CORP., including Plaintiff.
17. Upon information and belief, BRAYAN SOSA is responsible for determining, establishing, and paying the wages of all employees of B SOSA ENTERPRISES CORP., including the Plaintiff, setting their work schedules, and maintaining all their employment records of the business.
18. Accordingly, at all relevant times hereto, Defendant BRAYAN SOSA was Plaintiff's employer within the meaning and the intent of the FLSA, and the NYLL.
19. Defendant NEW YORK FAST CONCRETE GROUP, INC., is a New York domestic business corporation, organized under the laws of the State of New York with principal executive office located 93-02 183rd St., Jamaica, NY 11423.
20. Upon information and belief, Defendant OSCAR VELASQUEZ is the owner of NEW YORK FAST CONCRETE GROUP, INC.
21. Upon information and belief, Defendant OSCAR VELASQUEZ is an agent of NEW YORK FAST CONCRETE GROUP, INC.
22. Upon information and belief, OSCAR VELASQUEZ is responsible for overseeing all daily operations of NEW YORK FAST CONCRETE GROUP, INC.
23. Upon information and belief, OSCAR VELASQUEZ has power and authority over all the final personnel decisions of NEW YORK FAST CONCRETE GROUP, INC.
24. Upon information and belief, OSCAR VELASQUEZ has the power and authority over all final payroll decisions of NEW YORK FAST CONCRETE GROUP, INC., including the Plaintiff.
25. Upon information and belief, OSCAR VELASQUEZ has the exclusive final power to hire the employees of, including the Plaintiff.
26. Upon information and belief, OSCAR VELASQUEZ has exclusive final power over the firing and terminating of the employees of NEW YORK FAST CONCRETE GROUP, INC., including Plaintiff.
27. Upon information and belief, OSCAR VELASQUEZ is responsible for determining, establishing, and paying the wages of all employees of NEW YORK FAST CONCRETE

GROUP, INC., including the Plaintiff, setting their work schedules, and maintaining all their employment records of the business.

28. Accordingly, at all relevant times hereto, Defendant OSCAR VELASQUEZ was Plaintiff's employer within the meaning and the intent of the FLSA, and the NYLL.

29. Upon information and belief, BRAYAN SOSA is the nephew of OSCAR VELASQUEZ.

30. At all times relevant hereto, Defendants acted as a single employer in general and a joint employer with respect to Plaintiff, as Defendants held out Plaintiff as an employee of both B SOSA ENTERPRISES CORP. and NEW YORK FAST CONCRETE GROUP INC.

31. Both Corporate entities employed the same employees, including Plaintiff, performed work on the same job sites, and were both responsible for issuing Plaintiff his wages.

32. The Corporate entities functioned as a single integrated enterprise during Plaintiff's employment by Defendants.

33. At all times relevant to the allegations contained in the complaint, Corporate Defendants were, and are, enterprises engaged in interstate commerce within the meaning of the FLSA in that B SOSA ENTERPRISES CORP. and NEW YORK FAST CONCRETE GROUP, INC. (i) have purchased goods, tools, and supplies for its business through the streams and channels of interstate commerce, and has had employees engaged in interstate commerce, and/ or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been moved in or produced for commerce by any person: and (ii) have had annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

34. Plaintiff OMAR HERNANDEZ was employed by B SOSA ENTERPRISE CORP. and NEW YORK FAST CONCRETE GROUP, INC., as a carpenter while performing related miscellaneous duties for the Defendants, from in or around August 2020 until in or around December 2021.

35. Plaintiff performed carpentry work, concrete work, foundation work, and installation of flooring and staircases while employed by Defendants at various job sites.

36. Plaintiff performed work at job sites throughout New York City, including in Astoria, Queens and on Vernon Boulevard in Queens.

37. Plaintiff OMAR HERNANDEZ regularly worked six (6) days per week from in or around August 2020 until in or around December 2021.

38. Throughout Plaintiff OSCAR HERNANDEZ'S employment with the defendants, Plaintiff regularly worked a schedule of shifts beginning at or around 7:30 a.m. each workday and regularly ended at or around 6:00 p.m., or later, from in or around August 2020 until in or around December 2021.

39. Thus, Plaintiff was regularly required to work approximately sixty-nine (69) or more hours, from in or around August 2020 until in or around December 2021.

40. Plaintiff OMAR HERNANDEZ was paid by Defendants a flat daily wage of approximately $240.00 per day for all hours worked from in or around August 2020 until in or around December 2021.

41. Although Plaintiff regularly worked sixty-nine (69) hours or more hours, from in or around August 2020 until in or around December 2021 each week during his employment by the Defendants, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

42. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

43. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

44. Additionally, Defendants willfully failed to provide Plaintiffs with a written notice, in English, of her applicable regular rate of pay, regular pay day, and all such information as required by NYLL §195(1).

45. Upon information and belief, Defendants willfully failed to provide Plaintiffs with any wage statements, upon each payment of his wages, as required by NYLL §195(3).

46. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00.

Plaintiff also seeks statutory interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

47. Plaintiff brings this action on behalf of themselves, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are hereafter, the "Collective Class."

48. Collective Class: All persons who are or have been employed by the Defendants as carpenters or any other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wage compensation.

49. Upon information and belief, Defendants employed between 60 to 70 employees, within the past three years subjected to similar payment structures.

50. Defendants suffered and permitted Plaintiff - and the Collective Class - to regularly work more than forty hours per week without appropriate overtime compensation.

51. Defendants' unlawful conduct herein has been widespread, repeated, and consistent.

52. Defendants had knowledge that the Plaintiff and the Collective Class regularly performed work requiring overtime pay.

53. Defendants' conduct as set forth in this Complaint, was willful and in bad faith - and has caused significant damages to Plaintiff, as well as the Collective Class.

54. Defendants are liable under the FLSA for failing to properly compensate Plaintiff, and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay and proper minimum wage pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

55. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

56. The claims of Plaintiff are typical of the claims of the whole putative class.
57. Plaintiff and their counsel will fairly and adequately protect the interests of the putative class.
58. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

59. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
60. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b) *et seq*.
61. At all times relevant to this action, Plaintiff was engaged in interstate commerce and/or was engaged in the production of goods for/through the channels of interstate commerce within the meaning of 29 U.S.C. §§206(a) and 207(a), *et seq*.
62. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
63. Defendants willfully failed to pay Plaintiffs' overtime wages for all hours regularly worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).
64. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made any good faith effort to comply with their obligations under the FLSA with respect to the compensation of the Plaintiff.
65. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

66. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

67. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

68. Defendants failed to pay Plaintiffs' overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3, *et seq*.

69. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION

### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

70. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragrap88hs.

71. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

72. Defendants are liable to Plaintiff in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

### Violation of the Wage Statement Requirements of the New York Labor Law

73. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

74. Defendants failed to provide Plaintiff with wage statements upon each payment of wages, as required by NYLL §195(3)

75. Defendants are liable to Plaintiff in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiff's unpaid overtime wages;

c. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

d. Awarding Plaintiffs prejudgment and post-judgment interest;

e. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; together with such further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demand a trial by jury on all questions of fact raised by the complaint.

Dated: March 16, 2022
Kew Gardens, NY

*Roman Avshalumov*
Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

OMAR HERNANDEZ individually and on behalf of all others similarly situated,

                Plaintiff,

-against-

NEW YORK FAST CONCRETE GROUP, INC. and B SOSA ENTERPRISES CORP., OSCAR VELASQUEZ and BRYAN SOSA, as individuals,

                Defendants,

## COLLECTIVE ACTION COMPLAINT

*Jury Trial Demanded*

**HELEN F. DALTON & ASSOCIATES, P.C.**
*Attorneys for the Plaintiff*
80-02 Kew Gardens Road
Suite 601
Kew Gardens, New York 11415
Phone: (718) 263-9591
Fax: (718) 263-9598

To:

**NEW YORK FAST CONCRETE GROUP, INC.**
93-02-183rd St., Jamaica, NY 11423

97-26 Brisbin Street Floor 2, Jamaica, NY, 11435 (DOS# 5293477)

**OSCAR VELASQUEZ**
93-02-183rd St., Jamaica, NY 11423

**B SOSA ENTERPRISES CORP.**
35 Carroll St., Brentwood, NY 11717

**BRAYAN SOSA**
35 Carroll St., Brentwood, NY 11717

10